**UNITED STATES BANKRUPTCY COURT**
**Eastern District of Missouri**
**Thomas F. Eagleton U.S. Courthouse**
**111 South Tenth Street, Fourth Floor**
**St. Louis, MO 63102**

In re:  Richard Todd Saddler
      **Debtor(s):**
      Richard Todd Saddler – See below for reported
      alias information xxx–xx–1576
      – See below for reported alias information

**Case No.: 19–45268**

**CHAPTER   13**

## PRE–CONFIRMATION ORDER AND NOTICE OF DISMISSAL

### TO: ALL CREDITORS AND PARTIES IN INTEREST

PLEASE TAKE NOTE: THIS CASE IS BEFORE THE COURT FOR DISMISSAL FOR THE REASON(S) IDENTIFIED BY ☑ BELOW.

**The Debtor(s):**

☐ moved to dismiss this case in accordance with 11 U.S.C. § 1307(b).

☐ failed to file ☐ a Chapter 13 Plan; ☐ one or more Schedules and/or Statement of Affairs; ☐ a Matrix and/or Verification of Matrix in the proper form and within the time permitted; ☐ a Statement of Current Monthly Income and Calculation of Commitment Period (B122 C–1) and if necessary, Calculation of Disposable Income (B122 C–2); ☐ a Credit Counseling Certificate indicating compliance with 11 U.S.C. § 109(h)(1), a Certification of Exigent Circumstances, or a Motion for Exemption from Credit Counseling under § 109(h)(4); or ☐ Debtor(s) failed to provide Social Security Number or B121 Form(s) within the time permitted; ☐ Debtor's attorney failed to file a Rule 2016(b) Disclosure of Compensation; and/or ☐ . The Court advised the Debtor(s) and Debtor's attorney that failure to file these documents properly within the time specified would result in dismissal of the case.

☐ failed to appear at the meeting of creditors and failed to obtain the Chapter 13 Trustee's consent to a further continued date. The Chapter 13 Trustee has certified that he notified the Debtor(s) that failure to appear at the continued hearing would result in dismissal of the case.

☐ failed to provide ☐ tax documents to the Trustee in accordance with §521(e)(2)(B) and orders of this Court; and/or ☐ payment advices to the Trustee in accordance with the § 521(a)(1)(B)(iv) and orders of this Court.

☑ failed to pay the appropriate filing fee; failed to file a proper Application to Pay Filing Fees in Installments at the time the petition was filed or within such additional time allowed, LR 1002 A.; or failed to pay the filing fee on the terms set forth in the Order Approving Installment Fee Application previously entered in this case.

**The Chapter 13 Trustee:**

☐ moved in writing or at a hearing, orally requested dismissal of this case in accordance with ☐ 11 U.S.C. § 1307(c)(1) for unreasonable delay; ☐ § 1307(c)(2) for nonpayment of fees under chapter 123 of title 28; ☐ § 1307(c)(4) for failure to commence making plan payments; ☐ § 1307(c)(5) for denial of confirmation of a plan and denial of request for additional time for filing another plan or modification; ☐ § 1307(c)(11) for failure to pay domestic support obligations; ☐ § 1307(e) for failure to file taxes required under § 1308; ☐ for abuse of the bankruptcy process; ☐ for Debtor(s)' failure to turn over the tax return(s); and/or ☐ for Debtor(s)' failure to comply with a Court order, and after notice and hearing;

**A Party in Interest**

☐   other than the Chapter 13 Trustee, moved to dismiss this case ☐ for cause in accordance with 11 U.S.C. § 1307(c); ☐ for failure to comply with a Court order; ☐ for failure to provide tax documents in accordance with § 521(e)(2)(C) and orders of this Court, ☐ for failure to pay any domestic support obligations that first became payable after the date of the filing of the petition in accordance with § 1307(c)(11); and/or ☐ for other abuse of the bankruptcy process, as more fully stated in the written motion, and after notice and hearing;

**The Missouri Department of Revenue**

☐   moved to dismiss this case in accordance with 11 U.S.C. § 1307(c)(1) for unreasonable delay in filing tax return(s), and the Debtor(s) have failed to respond to the motion, or after notice and hearing;

**The Court**

☐   on its own motion or show cause, moved to dismiss this case under 11 U.S.C. § 105(a) for failure to comply with a Court order and/or for abuse of the bankruptcy process.

**Other Reason(s) for Dismissal:**

☐

**ACCORDINGLY,**

   **IT IS ORDERED** for the reasons set forth in the motion or on the record at hearing, if any, the Motion to Dismiss identified in this Order and Notice is **GRANTED,** and this Chapter 13 case is **DISMISSED** prior to entry of an order of discharge.

   **IT IS FURTHER ORDERED** Debtor(s)' employer(s) is/are directed to cease withholding from Debtor(s)' wages in respect to this Chapter 13 case, and this Court's Order to Deduct from Wages or Other Income is hereby terminated.

   **IT IS FURTHER ORDERED** ANY PARTY OTHER THAN THE CHAPTER 13 TRUSTEE, WHO SEEKS PAYMENT FOR ANY CLAIM UNDER 11 U.S.C. § 503(b), SHALL HAVE 14 DAYS FROM THE DATE OF THIS ORDER WITHIN WHICH TO FILE AN APPLICATION FOR ALLOWANCE OF AN ADMINISTRATIVE EXPENSE CLAIM. Any party seeking payment shall serve such application on the Debtor(s) and Chapter 13 Trustee. Compensation to the Chapter 13 Trustee and payment of fees due this Court shall be awarded as specified herein without application.

   **IT IS FURTHER ORDERED** Any application for payment of attorneys' fees by counsel who have elected the flat fee option must include: (1) a general description of the services performed and the amount of fees and costs requested (detailed time entries are not required); (2) the case number, chapter, and date of filing for all prior cases filed by the Debtor(s); and (3) a statement explaining the reason for dismissal of any case filed within three years of the date of this case.

   **IT IS FURTHER ORDERED** that Diana S. Daugherty, the Chapter 13 Trustee, shall pay the unpaid portion, if any, of the filing fee due the Court for this case, and then shall pay, pro rata, other claims allowed under 11 U.S.C. § 503(b). After paying such claims, the Trustee is directed to return any remaining funds to the Debtor(s) or as otherwise may be ordered. Any pre-confirmation disbursements made by the Chapter 13 Trustee prior to the entry of this Order are allowed and approved by the Court.

☐   **IT IS FURTHER ORDERED** that this case is dismissed under U.S.C. § 109(g)(1) and the Debtor(s) is/are prohibited from filing a petition under Title 11 of the United States Bankruptcy Code for 180 days from the date of entry of this order pursuant to In re Montgomery, 37 F.3d 413 (8th Cir. 1994).

☐   **IT IS FURTHER ORDERED** that this case is dismissed under U.S.C. § 109(g)(2) and the Debtor(s) is/are prohibited from filing a petition under Title 11 of the United States Bankruptcy Code for 180 days from the date of entry of this order.

☐   **IT IS FURTHER ORDERED** that this case is dismissed with prejudice under 11 U.S.C. §105(a) and the Debtor(s) is/are prohibited from filing a petition under Title 11 of the United States Bankruptcy Code for 180 days from the date of entry of this order.

☑   **IT IS FURTHER ORDERED** that since the Debtor(s) owe(s) $310.00 for the filing fee in this case, the Debtor(s) **MUST PAY THIS AMOUNT TO THE COURT WITHIN FIVE BUSINESS DAYS OF THIS ORDER.** If the Debtor(s) fail(s) to pay the amount owed to the Court within five business days, the Debtor(s) is/are prohibited from filing a petition under Title 11 of the United States Bankruptcy Code for 180 days from the date of dismissal. If the Debtor(s) file(s) a subsequent bankruptcy case while prior filing fees remain outstanding, the Court will ordinarily deny any Application to Pay Filing Fees in Installments in the subsequent case.

**IT IS FURTHER ORDERED** that the automatic stays of 11 U.S.C. § 362 are hereby terminated, AND ANY MATTERS NOT PREVIOUSLY DISPOSED OF ARE DENIED AS MOOT ON THE FILING OF THE CHAPTER 13 TRUSTEE'S FINAL REPORT. The Chapter 13 Trustee is directed to promptly file his final report and upon so doing is discharged as Trustee and is relieved of and discharged from his bond.

Dated: 8/30/19

Rev. 11/17 preconfo

*/s/ Barry S. Schermer*

U.S. Bankruptcy Judge

**Reported Alias Information:**
Richard Todd Saddler –
–